**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| SYLVESTER L. EVANS, JR. A/K/A CHURCH | | CIVIL ACTION |
|---|---|---|
| VERSUS | | NUMBER:  18-14204 |
| FUJI XEROX | | SECTION:  "G" (3) |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Sylvester L. Evans, Jr. filed the above-captioned matter in this Court in which he sues Fuji Xeros for allegedly breaching a contract that required the parties to "classified/personal information to be revealed during hearing S.L.E. Including crown jewel agreement in which I a key." [Doc. #1 at p. 4]. As relief, Evans seeks "[a]ll damages and complete and sovereign control." [*Id.*].

On December 28, 2018, this Court order Evans to show cause by January 28, 2019 as to why this case should not be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(i-iii) for failing to state a claim on which relief may be granted. Evans has done so [Doc. #7] – albeit late.

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous.  Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> \* \* \*
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added).  In plain language, Section 1915 requires

1

dismissal if the Court is satisfied that the case fails to state a claim on which relief may be granted.[1]

The Court has permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. §1915(a). However, summons has not issued in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. On its face, plaintiff's complaint fails to meet the requirements of the statute. There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[2]

"A district court may dismiss as frivolous the complaint of a [party] proceeding [*in forma pauperis*] if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation [sic] of a legal interest which clearly does not exist." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (citations and internal quotation marks omitted). A complaint lacks an arguable basis in fact when the plaintiff's allegations are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989)).

Evans's complaint consists of disjointed, unintelligible allegations that do not state a

---

[1] *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

[2] *See Startii v. United States,* 415 F.2d 1115, 1116 (5th Cir.1969); *see also Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

coherent cause of action against defendant. Even under the liberal construction that is typically accorded *pro se* pleadings, the complaint fails to advance any credible theory of recovery and lacks an arguable basis in fact. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "*give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.*" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (emphasis added). The Court finds that – as written – Evans's complaint does not accomplish this and would not allow a defendant, let alone this defendant, to craft a meaningful response.

In his reply to the order on the rule to show cause, Evans asks only that this Court "find [his] grievances worthy for a hearing" and that he has some evidence to support his complaint in St. James, Louisiana. But this does not expound on or explain the factual allegations in his original complaint and thus fails to show cause why the complaint should not be dismissed for failure to state a claim. Accordingly,

**IT IS RECOMMENDED** that plaintiff's compliant be dismissed without prejudice for failure to state a claim.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to de novo review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 7th day of February, 2019.

_____
**UNITED STATES MAGISTRATE JUDGE**