# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| SYLVESTER L. EVANS, JR. | CIVIL ACTION |
|---|---|
| VERSUS | NO. 18-14204 |
| FUJI XEROX | SECTION "G"(3) |

## ORDER

Before the Court are Plaintiff Sylvester L. Evans, Jr.'s ("Plaintiff") objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] On December 24, 2018, Plaintiff filed a pro se, *in forma pauperis* complaint against Fuji Xerox ("Defendant") for allegedly breaching a contract that required the parties to "classified/personal information to be revealed during hearing S.L.E. [sic] Including crown jewel agreement in which I a key [sic]."[2] In the complaint, Plaintiff seeks "[a]ll damages and complete and sovereign control."[3] The Magistrate Judge issued a Report and Recommendation, recommending that the Court dismiss Plaintiff's claims with prejudice as frivolous and for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B).[4] Plaintiff objects to the Report and Recommendation.[5] After reviewing the complaint, the Magistrate Judge's Report and Recommendation, Plaintiff's objections, the record, and the applicable law, for the following reasons, the Court will overrule Plaintiff's objections, adopt the Report and Recommendation, and dismiss Plaintiff's claims with prejudice.

---

[1] Rec. Doc. 9.

[2] Rec. Doc. 1 at 4.

[3] *Id.*

[4] Rec. Doc. 8.

[5] Rec. Doc. 9.

## I. Background

### A. *Factual and Procedural Background*[6]

On December 24, 2018, Plaintiff filed a pro se, *in forma pauperis* complaint against Defendant for allegedly breaching a contract that required the parties to "classified/personal information to be revealed during hearing S.L.E. Including crown jewel agreement in which I a key."[7] In the complaint, Plaintiff seeks "[a]ll damages and complete and sovereign control."[8]

On December 28, 2018, the Magistrate Judge granted Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).[9] The Magistrate Judge noted that there is no absolute right to proceed *in forma pauperis* in federal civil matters, but is a privilege extended to those unable to pay filing fees when it is apparent that the claims do not lack merit on their fact.[10] The Magistrate Judge found that the complaint consisted of disjointed, unintelligible allegations that do not state a coherent cause of action against Defendant, and even under the liberal construction accorded to pro se pleadings, failed to advance any credible theory of recovery and lacked an arguable basis in fact.[11] Therefore, the Magistrate Judge ordered Plaintiff to show cause by January 28, 2019, why the case should not be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B) as

---

[6] The following background derives from Plaintiff's complaint, and the Court will consider his allegations as true for the purpose of considering Plaintiff's objections.

[7] Rec. Doc. 1 at 4.

[8] *Id.*

[9] Rec. Doc. 4.

[10] *Id.* at 2–3 (citing *Startii v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996)).

[11] *Id.* at 3.

frivolous and for failing to state a claim on which relief may be granted.[12]

On January 31, 2019, Plaintiff filed a response to the Show Cause Order.[13] In the response, Plaintiff asserted that his grievances are "worthy for a hearing."[14] Plaintiff alleged that the proof is in a civil case filed in St. James Parish, Louisiana.[15] Plaintiff argued that the legitimacy of his case would be shown once the Court gains authority to access the contents of the case pending in St. James Parish.[16]

B.     *Report and Recommendation Findings*

On February 7, 2019, the Magistrate Judge issued a Report and Recommendation recommending that the Court dismiss Plaintiff's claims as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).[17] The Magistrate Judge found that the Complaint consisted of disjointed, unintelligible allegations that do not state a coherent cause of action against Defendant.[18] Furthermore, the Magistrate Judge determined that Plaintiff's response to the show cause order does not expound or explain the factual allegations in the Complaint.[19] Therefore, the Magistrate Judge found that Plaintiff had not shown cause why the Complaint should not be dismissed for failure to state a claim.[20]

---

[12] *Id.* at 2.

[13] Rec. Doc. 7.

[14] *Id.* at 1.

[15] *Id.*

[16] *Id.*

[17] Rec. Doc. 8 at 3.

[18] *Id.* at 2–3.

[19] *Id.* at 3.

[20] *Id.*

## C. Plaintiff's Objections

Plaintiff objects to the Magistrate Judge's recommendation.[21] Plaintiff again avers that the civil case pending in St. James Parish, Louisiana, will prove the facts of this case.[22] He states that he is "a chief and apostle . . . entitled to the privilege and right as a Sovereign Tribe that is federally recognized to bring [his] grievances before these courts.[23] Furthermore, Plaintiff asserts that that his case is a matter of national and homeland security.[24]

## II. Standard of Review

### A. Review of the Magistrate Judge's Report and Recommendation

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter.[25] A district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[26] A district court's review is limited to plain error for parts of the report which are not properly objected to.[27]

### B. Standard for Frivolousness

A district court has broad discretion in determining the frivolous nature of a complaint filed

---

[21] Rec. Doc. 9.

[22] *Id.* at 1.

[23] *Id.*

[24] *Id.*

[25] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[26] Fed. R. Civ. P. 72(b)(3).

[27] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

*in forma pauperis*.[28] Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), an *in forma pauperis* complaint may be dismissed as frivolous if it lacks an arguable basis in law or fact.[29] Pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), the Court may dismiss an *in forma pauperis* complaint that "fails to state a claim on which relief may be granted." Therefore, Section 1915(e)(2)(B) "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"[30] A claim has no arguable basis in law if "it is based on indisputable meritless legal theory."[31] It lacks a basis in fact if "the facts alleged are clearly baseless."[32]

### III. Law and Analysis

The Magistrate Judge recommended that the Complaint be dismissed as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).[33] The Magistrate Judge found that the Complaint consisted of disjointed, unintelligible allegations that do not state a coherent cause of action against Defendant.[34] Plaintiff objects to the recommendation, but once again does not present any facts in support of his claims against

---

[28] *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citations omitted).

[29] *Id.*

[30] *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[31] *Talib*, 138 F.3d at 213.

[32] *Id.*

[33] Rec. Doc. 8 at 3.

[34] *Id.* at 2–3.

Defendant.[35]

In the Complaint, Plaintiff alleges that Defendant breached a contract that required the parties to "classified/personal information to be revealed during hearing S.L.E. Including crown jewel agreement in which I a key."[36] An obligation, or contract, is defined in the Louisiana Civil Code as "a legal relationship whereby a person, called the obligor, is bound to render a performance in favor of another, called the obligee."[37] In order to recover for breach of contract under Louisiana law, a plaintiff must prove: (1) the obligor's undertaking of an obligation to perform; (2) the obligor failed to perform the obligation (i.e. breach); and (3) the breach resulted in damages to the obligee.[38] Plaintiff does not plead any facts to support any of the elements required to state a breach of contract claim against Defendant. Furthermore, Plaintiff has not plead any facts to show any other actionable claim against Defendant. Accordingly, on *de novo* review, the Court adopts the Magistrate Judge's recommendation that Plaintiff's claims against Defendants be dismissed with prejudice as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

## IV. Conclusion

For the foregoing reasons, the Court adopts the Magistrate Judge's Report and Recommendation. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections are **OVERRULED**;

---

[35] Rec. Doc. 9.

[36] Rec. Doc. 1 at 4.

[37] La. Civ. Code art. 1756.

[38] *Favrot v. Favrot*, 2010–0986 (La. App. 4 Cir. 2/9/11); 68 So. 3d 1099, 1108–09.

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Report and Recommendation issued by the Magistrate Judge;

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

**NEW ORLEANS, LOUISIANA,** this  19th  day of March, 2019.

                                       _____
                                       **NANNETTE JOLIVETTE BROWN**
                                       **CHIEF JUDGE**
                                       **UNITED STATES DISTRICT COURT**